## McCLAIN ET AL. v. LYON.

*Adoption—Error proceedings—Review confined to record before Court of Appeals—Statutes to be followed to confer jurisdiction upon probate court—Adoption proceedings void where court without jurisdiction—Sections 8030 and 8030-1, General Code.*

1. In proceeding involving validity of decree of adoption, Court of Appeals must rely wholly on record before it.
2. Adoption proceedings are wholly statutory, and statutes must be clearly followed to give probate court jurisdiction to decree adoption.
3. Where probate court was without jurisdiction in first instance in adoption proceedings, in view of Sections 8030 and 8030-1, General Code, proceedings were not voidable but void.

(Decided June 3, 1926.)

ERROR: Court of Appeals for Morrow county.

*Mr. T. B. Mateer,* for plaintiffs in error.
*Messrs. Barry & Wieland,* for defendant in error.

HOUCK, J. This proceeding in error comes into this court from the common pleas court of Morrow county. The controversy grows out of an order and judgment of the probate court of Morrow county, Ohio, in which that court granted the adoption of one Doris Genevie Lyon, the 4 year old daughter of W. A. Lyon and Helen Lyon, to Vaughan McClain and Frances McClain. The entry of adoption bears date of November 4, 1925.

On the 9th day of December, 1925, Helen Lyon, the mother of said Doris Genevie Lyon, filed a motion in the probate court of Morrow county to

set aside the order, judgment, and decree of adoption for the following reasons:

"(1) That said child was then and has been all her life in the care and custody of the mother, Helen Lyon.

"(2) That on the 3d day of October, 1925, and for more than six months prior thereto, said child was and had been in the care and control of Helen Lyon, the mother.

"(3) That said child had never resided in the family of Vaughan McClain and Frances McClain for any period of time before said adoption.

"That, by reason of the foregoing statements, the probate court of Morrow county, Ohio, was without jurisdiction on the 3d day of November, 1925, to sustain the petition for the adoption of Doris Genevie Lyon."

On December 23, 1925, as per journal entry, the probate court set aside the former order and judgment of the court in the adoption of Doris Genevie Lyon.

To this judgment error was prosecuted to the common pleas court, seeking a reversal of the judgment. However, the common pleas court affirmed the judgment of the probate court.

In this court, the plaintiffs in error seek a reversal of the judgment of affirmance in the common pleas court.

Learned counsel for the plaintiffs in error urges a reversal of the probate and common pleas courts upon the following grounds:

(a) That all of the parties in interest were not legally before the probate court in the motion to set aside the decree of adoption.

(b) That the court of probate had jurisdiction of the parties and subject-matter in the decree of adoption, and that same was done in accordance with the statutes of Ohio.

This court must and will rely for its decision in this case wholly and entirely upon the record before us.

Speaking from the record all parties in interest were legally in the probate court upon the hearing of the motion to set aside and vacate the judgment of adoption, and were represented by counsel. This clearly appears from the journal entry setting aside the decree of adoption. This disposes of the first claimed error on the part of plaintiffs in error, against them, and in favor of defendant in error.

However, the decisive question in. the present case, as we view it, is whether, under the application made and the facts as disclosed by the record, the probate court had jurisdiction and authority, under the statute governing the adoption of minors, to enter a decree of adoption. It is clear to us that an inspection of the petition for adoption alone is sufficient to satisfy one who is conversant with the statutory provisions pertaining to the adoption of minors that the probate court, under the facts thus stated, would not have jurisdiction to enter a decree of adoption.

Such proceedings are purely statutory, and the provisions of the statutes must therefore be clearly followed in order to give the probate court jurisdiction to decree an adoption.

If we measure the present record facts and proceedings for adoption by the provisions of Sections 8030 and 8030-1, General Code, we are bound to

reach the conclusion that the probate court was without jurisdiction in the premises in the first instance, and that said proceedings were not voidable, but void.

It follows from the comments here made that we are of the unanimous opinion that the common pleas court was not in error when it affirmed the probate court.

Judgment of the common pleas court affirming the judgment of the probate court is affirmed.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.