## WOLFE v WOLFE

Ohio Appeals, 6th Dist, Lucas Co

No 2762.   Decided April 17, 1933

Tracy, Chapman & Welles, Toledo, and S. K. Bretherton for plaintiff in error.

B. F. James, Toledo, and Silas E. Hurin, Toledo, for defendant in error.

LLOYD, J.

We find it unnecessary to consider any of the alleged errors except that relating to the jurisdictional question presented in the record by the petition in error and the evidence.

Prior to his claimed residence in Lucas County, Isaac was a lifelong resident of Hancock County, wherein he was born about 63 years ago.  On March 26, 1902, he married Clara, who also was born in Hancock County and is now approximately 62 years of age.  Their daughter, Evalyn, is now about 27 years of age.  Immediately after their marriage, Isaac and Clara resided on a farm in Allen Township in Hancock County, and about two years thereafter moved to a 62 acre farm located near the village of Mortimer in said county, the farm being then and now owned by Isaac. There they continued to reside until 1925 when Clara, who was afflicted with a goitre, went to reside with a sister and brother living not more than a mile from the home of the parties hereto, Isaac continuing to live on the farm.  The evidence is in dispute as to whether Clara did this with or without the consent of Isaac but it seems rather clearly to show that she required and has required care and attention which she either did not or could not receive in her own home.  With the merits of the case, however, we are not here concerned.

In 1931 Isaac filed a petition in the Court of Common Pleas of Hancock County, praying for a divorce from Clara on the same grounds alleged in his petition thereafter filed in Lucas County.  As stated by counsel for Isaac in their brief filed herein, the action pending in Hancock County

"was assigned for trial on March 25, 1932, but the defendant (Clara) failed to appear and the plaintiff (Isaac) becoming dissatisfied with the delay as shown by the record in this cause, dismissed his case in Hancock County, removed to Maumee in Lucas County on August 18, 1932 * * * and thereafter on October 1, 1932 filed his petition in this cause in the Court of Common Pleas of Lucas County."

The petition thus filed in the Court of Common Pleas in Lucas County was sworn to by Isaac on September 19, 1932. The evidence clearly and indisputably shows that Isaac moved to Maumee for the sole and admitted purpose of commencing an action for and procuring a divorce in the Court of Common Pleas of Lucas County. For example, he testifies:

"Q. And you moved up to Maumee in order to get a divorce in this county, didn't you? A. Well, I suppose; that's the way the rest of them does. I don't know. I couldn't get a divorce if I didn't move up there.

Q. The purpose of your moving up to this county was to get a divorce in Lucas County, wasn't it? A. Why, sure, that's what I moved up here for was to get it.

Q. Did you move any household goods? A. No, sir, just brought my clothes in a big suitcase, what I wanted to use.

Q. Isn't it a fact, Mr. Wolfe, that you expect to go back down there to the farm after you get your divorce here? A. I don't know. I said I couldn't tell you, haven't made up my mind.

Q. Well, you might? A. I can tell you better afterwards, maybe, if I see you. Yes, sir, if I see you afterwards, I will tell you, if I know where I am going. I can't stay up there and take care of that stuff all my life. There ain't anybody else would do that.

Q. This place you say you lived, 305 East Dudley Street in Maumee, do you rent by the day or week? A. I paid $8.00 a week for my board and room, that is what I pay.

Q. Do you own any of the furniture in your room? A. No, sir.

Q. You have a phone in the home out on the farm? A. Yes, sir.

Q. When you moved to Maumee, did you have that phone disconnected? A. No, sir, I didn't know they could do that. I knowed they could disconnect it, but I didn't know whether if they done it you would get it back again or not.

Q. After you went back down after you get this divorce, you weren't sure whether you could get the phone in? A. Yes, sir, and I went up and seen him and he said if I'd pay half they would leave it in there.

Q. Now, this room where you have been staying in Maumee, what do you have in there that belongs to you? A. I told you I had a suitcase.

Q. Anything else? A. No, sir, I ain't; got my clothes."

The evidence shows that Isaac kept his Hancock County home intact and that he had on his farms 5 milk cows, 3 calves, 1 horse and 23 shoats and that he frequently went there to look after his farm and stock, and at times stayed overnight at a neighbor's, and he testifies that he had no employment other than looking after his farm. All of his testimony on this subject is of like purport and, there being no evidence to the contrary, we deem it unnecessary to quote further.

Sec 11980, GC, provides:

"Except in an action for alimony alone, the plaintiff must have been a resident of the state at least one year before filing the petition. Actions for divorce or for alimony shall be brought in the county of which the plaintiff is and has been for at least thirty days a bona fide resident or in the county where the cause of action arose. The court shall hear and determine the case, whether the marriage took place, or the cause of divorce occurred, within or without the state."

As hereinbefore stated, the home of Isaac had been for years in Hancock County and on August 19, 1932, he dismissed, without prejudice, an action for divorce brought by him and then pending in that county. On the preceding day, August 18, 1932, he went to Maumee and arranged for room and board for $8.00 a week at the home of a Mrs. Wise on Dudley Street. On September 19, 1932 he verified a petition for divorce, which was filed in the Court of Common Pleas of Lucas County on October 1, 1932. Truthfulness is a virtue to be commended and, although we may express admiration for the frankness with which defendant in error relates the purpose of his sojourn in Maumee, none-the-less certain is it that he did not thereby establish the bona fide residence required to confer jurisdiction upon the Court of Common Pleas of Lucas County to entertain the action sought to be brought by him therein. The recital of the facts is quite sufficient to refute his claim of a bona fide residence in Lucas County within the meaning and contemplation of §11980, GC. Bona fide, of course, means good faith as distinguished from bad faith and as used in the statute expresses the converse of the interpretation sought by defendant in error. Defendant in error came to Maumee not to establish a residence in good faith but in bad faith for the sole purpose of avoiding the jurisdiction of the court in his home county and invoking the jurisdiction of

the court in Lucas County. Lucas County has marital troubles enough of its own without soliciting the settlement of the infelicities and disagreements of those thus afflicted residing elsewhere.

The defendant in error has not acquired a bona fide residence in Lucas County within the meaning of the above quoted section of the General Code. The judgment of the Court of Common Pleas is therefore reversed and final judgment rendered for plaintiff in error.

RICHARDS and WILLIAMS, JJ, concur.