## BARAKET v BARAKET

Ohio Common Pleas, Jefferson Co

No 29913. Decided Dec 31, 1937

Jack N. Berkman, Steubenville, for plaintiff.

Robert L. Quinn, Steubenville, for defendant.

## OPINION

By WEINMAN, J.

On March 29, 1937, plaintiff filed a petition in this court to secure a divorce from the defendant on the grounds of gross neglect of duty and extreme cruelty.

The defendant, by her answer, alleges that she is a resident of Pennsylvania, has maintained her residence in that state for more than ten years last past, specifically denies that the plaintiff is a resident of the State of Ohio, and further denies that the plaintiff has been a resident of the State of Ohio for more than a year and the County of Jefferson for more than thirty days prior to the filing of the petition for divorce, as provided for in the statutes of Ohio pertaining to jurisdiction in divorce matters.

The cause came on for trial, and evidence was presented to the court on the question of jurisdiction only.

Plaintiff, under oath, declared that it was his intention and that he did change his domicil to Jefferson County, Ohio, in January of 1936. Prior to that date, plaintiff resided and maintained his domicil at 1119 Illinois Avenue in Pittsburgh, Pennsylvania, and had lived at this address with the defendant for at least ten years prior to January, 1936. Plaintiff in his petition claimed joint ownership of this Pittsburgh, Pennsylvania, property, which was their home, and claimed an equity in said property in the amount of Seventy-five Hundred Dollars ($7500.00), alleging that defendant induced said plaintiff to allow the deed to said property to be made in the name of the said defendant, as grantee. It is undisputed that the home of the parties prior to January, 1936, together with its household furnishings, all located in Pittsburgh, Pennsylvania, is the only prop-

erty, real and personal, owned by both parties.

Defendant claims that plaintiff left her and took some of his personal belongings in April, 1936, and later returned for the remainder of his personal · belongings. If this were true, this court would have no jurisdiction of this action filed in March, 1936. Several witnesses, however, corroborated the plaintiff, who claims separation at an earlier date, and the court, for the determination of the question of jurisdiction, is considering January, 1936, as the date of separation of these parties.

In leaving his former home because of domestic difficulties plaintiff says that he was driven to Amsterdam, Jefferson County, Ohio, and six weeks later to Steubenville, Jefferson County, Ohio, where he resided with relatives. Plaintiff is a traveling salesman and stayed at the address in Steubenville one or two nights each week for the past twenty-two months, and declared the Steubenville residence as his domicil. His place of business is located in Pittsburgh, Pennsylvania. Some nights each month he has stayed with relatives at 1622 Potomac Street, Pittsburgh, Pennsylvania. His checking account is in Pittsburgh banks. Most of his time is spent in the State of Pennsylvania. His automobile since the date of separation, has always been operated on a license plate issued by the State of Pennsylvania. To secure said license plates for his automobile for the years 1936 and 1937, he filed the necessary application with the State of Pennsylvania, giving his address as 1119 Illinois Avenue, Pittsburgh, Pennsylvania, in the year 1936. In 1937, he gave his address as 1642 Potomac Avenue, Pittsburgh, Pennsylvania He purchased a new automobile in 1936, and also in 1937, and in each instance he gave a Pittsburgh, Pennsylvania, address to the finance company. He has never voted in Ohio or Pennsylvania. His washing and laundry is not done in Jefferson County, Ohio. His nearest relative is a brother, living at the Henry Hotel in Pittsburgh, Pennsylvania. · The relative in Steubenville, with whom he claims his domicil, is his niece. He has one room which he uses when he stays at the home of his niece at Steubenville. His niece is married and has a family. He has not made any tax returns to the County of Jefferson or the State of Ohio. Plaintiff further admits that he has three addresses in Pittsburgh, Pennsylvania, including his business address.

The question of jurisdiction in divorce cases is covered by §11980, GC:

"Except in an action for alimony alone, the plaintiff must have been a **resident** of the State at least one year before filing a petition. Actions for divorce or for alimony shall be brought in the county of which the plaintiff is and · has been at least thirty days immediately preceding the filing of the petition, a **bona fide** resident or in the county where the cause of action arose. * * *."

The terms "resident" and "bona fide resident" are used in the wording of this statute. The word "residence" is the favorite term employed by the American legislator to express the connection between person and place, its exact significance being left to construction to be determined from the context and the apparent object to be attained by the enactment. In general, the term "residence" implies the place of domicil, the place where a person has his home and where he has gained a residence.

The terms "resident" and "bona fide resident" as used in the statute on divorce, have uniformly been construed by the courts in this country as meaning domicil. (Bishop on Marriage and Divorce, §209). The terms "resident" and "residence," as used in the Ohio divorce statutes, mean a domiciliary resident or residence. (Bowen v Bowen, 12 O.N.P. (N.S.) 221).

Domicil expresses the legal relations existing between a person and the place where he has, in contemplation of every law, his permanent home. There are three fundamental categories into which domicil may be divided; domicil of birth or origin, domicil of choice, and domicil by operation of law. Plaintiff in this case is claiming a domicil of choice. A domicil of choice is the creation of the party, as distinguished from the domicil of origin, which is the creation of the law. Intention is a necessary element in domicil of choice; indeed, it is the element which must prevail in determining whether or not a domicil is one of choice. Domicil of choice is purely a question of residence and intent, or, as generally expressed, of factum and animus. Both must concur in order that the domicil may be deemed established. (14 O. Juris. 566, §6).

For example, it has been held that to constitute domicil there must be the fact of a fixed habitation or abode in a particu-

lar place and an intention to remain there permanently or indefinitely; that is, there must be: (1) Residence, actual or inchoate; (2) the non-existence of any intention to make a domicil elsewhere. (14 O. Juris. 572; Hill v Blumenberg, 19 Oh Ap 404). The determination, therefore, of domicil resolves itself into a question of law and fact. Domicil is so essentially a question of intent depending upon the facts and circumstances of each particular case, that precedence would necessarily have varied facts and be of slight assistance. Courts of justice must necessarily draw their conclusions from all the circumstances, and moreover, in one a fact may be of the greatest importance, but in another the same fact may be so qualified as to be of little weight. A party may reside in a certain city, people may see said party at this place in a certain city, and the party may sleep where he resides and yet a domicil may not be established.

The fact that the whole matter turns upon the animus or intention, is what invests these cases with peculiar difficulty. The cardinal fact being mental, it is hard to discover, and liable to misconstruction and dispute. It is provable in two ways: (1) By the testimony of the person himself; (2) inferentially or inductively, by the proof of other facts, physical and external, which may indicate the mind of the person.

It was early settled in this state in Kaplan v Kuhn, 8 O.N.P. 197, that the abandonment or change of domicil is a proceeding of a very serious nature, and an intention to make such a change requires it to be proven by very satisfactory evidence. The animus of proving a change of domicil is upon the party who alleges it. (Law Reports, Scotch App., Vol. 1, p. 307).

It is interesting to note various statements made by various courts upon this proposition of law and fact.

"Declarations of one as to his domicil, when conflicting with his acts and conduct, are of such weakness that they may be disregarded." In Re: Harkness Est., 170 N. Y. S. 1024.

"While an intention is an important factor in determining residence, it is not conclusive and cannot control when inconsistent with actualities." In Re: Ayer, 29 O.N.P. (N.S.) 325.

In the case of Bowen v Bowen, 12 O.N.P. (N.S.) 221, the court says:

"Whatever may have been his intention his acts conclusively rebutted any change of domicil."

In this case the party had continued to vote in Cincinnati, but the court held that the fact that he had voted at a certain place would be admissible as a fact tending to show the intention of the party to make such place his domicil, but would not be conclusive.

"The oath of the person whose domicil is in question as to his intention to change his domicil, is not conclusive, but the question for the court is whether upon a view of all the circumstances it gives credit to his evidence." Wilson v Wilson, B.L.R., 2 Probate, 435.

"Merely visiting relatives in a county without evidence of having established a home therein is insufficient proof of residence." Wynn v Wynn, 1932—39 Ariz. 58.

"An actress traveling on the road fulfilling theatrical engagements, stopping at various hotels and usually putting up, when at Chicago, at the same hotel, was held in DeKalbe v DeKalbe, (1923) 231 Ill. App. 50, not to have established a residence at such hotel within the meaning of the statutory requirements for purposes of a divorce suit, even though she testified that for some years she had considered such hotel as her home, and had at one time left a bundle of clothes checked at a parcel room. The court says that while the intention of the party is always given a large consideration, while claimed intention without acts to support it is not controlling, and that even the act of checking the dresses while it might tend to prove animus non revertendi, would not prove animus manendi." 106 A.L.R. 30.

"In determining whether a complainant was a resident of the state under the divorce law, and in any case where residence is to be determined, the intention coupled with the acts of the party must be considered; mere intention, without acts to support it, not being controlling." Bradfield v Bradfield, 117 NW 583.

Domicil in Ohio for the purpose of obtaining a divorce, can be acquired only by absolutely abandoning the former residence outside of the state. The public is in-

644

terested ·in the proper administration of the law affecting marriage and divorce, and it would be intolerable to permit any loose and liberal construction of our statutes, adopted to protect and conserve the marital relations of our people, to be used by anyone not a bona fide resident of the state, for the purpose of obtaining a divorce. The counties of our state have marital troubles of their own, without soliciting any other infelicities and disagreements of those afflicted residing elsewhere.

Where property is involved, and where it becomes highly dangerous for a claimant to foster an intention to become a resident for only a brief time in order to accomplish other ends, his claims of intention will be scrutinized and weighed in the light of his conduct and of the circumstances surrounding it.

We believe, therefore, that it is the law of the State of Ohio, that the best and most trustworthy evidence of ▌the actual intention of the party whose domicil is in dispute, is, as a general rule, to be found in his acts rather than in his declarations.

Plaintiff herein actually resided in Jefferson County at least one or two nights each week, but we fail to find any evidence to corroborate this intention. We do not find the non-existence of any intention to make a domicil elsewhere, because he was also a resident of the State of ·Pennsylvania. He claims an interest in real estate of a substantial amount located in the State of Pennsylvania. He has purchased two automobiles since his separation from his wife and in each instance he gave an address in Pittsburgh as his home. His bank account is located in Pittsburgh, Pennsylvania. His business is located in Pittsburgh, Pennsylvania. His application for license plates for his two automobiles forwarded to the State of Pennsylvania, gave a Pittsburgh address. His finance papers bear a Pittsburgh address. He stayed at the home of a relative in Pittsburgh at least one night every other week. He has not voted in the State of Ohio. He has not paid any taxes to the County of Jefferson or the State of Ohio. All these matters of evidence, in fact, raise a presumption that he did not consider the place in Jefferson County, Ohio, as his domicil. These various facts do not lend emphasis to the statement of his intention, and it seems to the court that some physical or external showing of such intention to create a domicil in the State of Ohio when changing same from another state certainly

should, and easily could, be presented for the consideration of the court if any such facts existed. For manifest reasons it would be inconsistent and unwise to rely implicitly on the testimony of the person himself.

Sec 12617-3 GC, provides:

"Whoever, being the owner of a motor vehicle and a resident of this state, operates or drives such motor vehicle upon the highways of this state displaying thereon a distinctive number or identification mark issued by or under the authority of another state without complying with the laws of this state relating to the registration and identification of motor vehicles. shall be punished as therein provided."

For the purpose of divorce, plaintiff is claiming Jefferson County as his residence and domicil, but his actions with reference to his auto license plates indicate that he does not consider Jefferson County as his residence or he would not be violating the aforementioned statute of this state. Such inconsistencies cannot be disregarded.

In considering the acts and declarations of the plaintiff, his family relations, business, pursuit and vocation in life, mode of living. means, conduct, age, residence, lapse of time, voting, car ownership, taxes, etc., this court is of the opinion that §11980 GC, the language of which is plain and unambiguous on the question of the jurisdiction of the court in ▌divorce cases, must be followed, and that the plaintiff herein is not a resident of the State of Ohio sufficient to maintain an action for a divorce.

The court was also presented with the proposition that plaintiff was not a bona fide resident of the State of Ohio for the reason that he had come to this state solely for the purpose of obtaining a divorce. The law of Ohio is clearly stated in the case of Wolfe v Wolfe, 45 Oh Ap 309 (14 Abs 577).

"Husband who moved to county solely to invoke jurisdiction of the court therein and avoid jurisdiction of court in his own county, did not acquire (bona fide) residence within statute requiring divorce actions to be brought in county in which plaintiff has been a bona fide resident for thirty days prior thereto."

Bona fide, of course, means good faith, as distinguished from bad faith. In view

of the fact that this court has determined that plaintiff herein has not established a domicil in this county, under the facts in this case, we are not concerned with the good faith or the bad faith of the plaintiff in his actions.

Petition of the plaintiff herein is therefore dismissed for lack of jurisdiction.