## MARTIN, In re, a Minor.
### THOMAS, Appellant, v. CRISSINGER et, Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24016.   Decided February 21, 1957.

Bulkley, Butler & Rini, for plaintiff-appellant.
Max S. Fishel, for defendants-appellees.

(HUNSICKER, PJ, DOYLE and STEVENS, JJ, of the Ninth District, sitting by designation in the Eighth District.)

### OPINION
By HUNSICKER, PJ.:

This is an appeal on questions of law from a judgment dismissing

a petition in habeas corpus entered by the Common Pleas Court of Cuyahoga County, Ohio.

A petition for a writ of habeas corpus was filed by one Nancy Thomas, who alleged therein that she is the mother of Gwendolyn Virginia Martin, and that such child was unlawfully deprived of her liberty by the defendants, Glenn Crissinger and Elizabeth Crissinger.

Thereafter the petition came on to be heard, and the following journal entry of judgment was entered:

"This cause came to be heard in Courtroom No. 1, the parties in interest being in open court and represented by counsel.

"It was represented by counsel for the present custodians of said Gwendolyn Virginia Martin, a minor, that they were her lawful custodians by reason of adoption proceedings had in the Probate Court of Cuyahoga County, Ohio, in which the last mentioned court issued to them an order of adoption of said minor and that it is still in effect. It was conceded that the consent of the mother would be necessary to the adoption and claimed that it was furnished. Counsel for the petitioner (the mother of the minor) agreed that such an order had been issued but tendered evidence designed to show that such an adoption order was secured by fraud, and that, in particular, the mother never signed any consent to such order and that any consent in said Probate Court proceeding claimed to have been executed by her is a forgery and fraudulent, and that therefore the adoption proceedings are without validity or legal effect.

"The Court holds that such evidence is not admissible and the issue raised is not triable in this Court in this proceeding.

"It is therefore ordered that the writ sought by the petitioner be denied and her application dismissed, at her costs. Exceptions."

It is from this judgment of dismissal that an appeal is lodged in this court. The principal questions which are raised by this appeal are: first, Is the consent to adoption by the mother of a child necessary in order to confer jurisdiction to enter the order authorizing such adoption? And second, If such consent of the mother is necessary to confer such jurisdiction, may the lack of jurisdiction be shown in a proceeding in habeas corpus?

The journal entry of dismissal in the instant case does not set out the date of the claimed adoption. However, the present statute, §3107.06 R. C., and former §8004-6 GC, are nearly identical. These statutes required, except in certain stated instances, that each of the living parents must file, with the Probate Court, written verified or acknowledged consents to the adoption.

Adoption is a creature of statute and was not known in the common law. It has been determined in Ohio that the requirements of the adoption statutes with respect to consent of the parties are mandatory, and that, in order to have a valid adoption, the statutory rules must be strictly followed. Martin v. Fisher, 25 Oh Ap 172. State, ex rel. Scholder, v. Scholder (Summit County), 22 O. L. R. 608. Lewis v. Reed, 117 Oh St 152, at p. 161.

In In re Ramsey, 164 Oh St 567, the court said:

"1. Except in those instances specified in subdivision (B) of

§8004-6 GC (now §3106.06 R. C.), a Probate Court had no power to make a final decree or interlocutory order of adoption of a child where it affirmatively appears that there was not filed with the court a written consent to the adoption by the living mother of such child; and the requirement of such a consent was not dispensed with in an instance where a Juvenile Court had previously made a valid determination that such child was 'neglected.' "

It is necessary, therefore, except in certain instances which are set out in the adoption statutes, to secure the consent of parents before a Probate Court has jurisdiction to enter an order of adoption. May such lack of jurisdiction be shown by evidence introduced de hors the record in a habeas corpus action brought in the Common Pleas Court?

It is axiomatic that an order of a court that had no jurisdiction to enter such judgment is a nullity. **23 O. Jur., Judgments, Sec. 43, p. 551,** and authorities there cited.

The court, in Martin v. Fisher, supra, at p. 375, said:

"A presumption of law, that all the provisions of the law relating thereto were complied with, arises from a decree of adoption, and this presumption subsists until **overcome by proof to the contrary.**" (Emphasis ours.)

This rule was specifically adopted in the case of **Mowery v. Ealey, 91 Oh Ap 266,** which was an action brought in the Common Pleas Court to set aside and declare null and void an order of adoption entered in the Probate Court. See also, **Byrd v. Byrd, 78 Oh Ap 73.**

In the case of Lewis v. Reed, supra, a habeas corpus action was filed in the Court of Appeals to secure the release of a minor child of the petitioner, which child had been permanently committed by the Juvenile Court to a children's home. The commitment was regular and valid on its face, but the petitioner alleged lack of jurisdiction by the trial court to enter the order. The court there said, concerning the right to question that judgment, that "4. In such case an attack upon a judgment for fraud in its procurement is direct, and is permitted notwithstanding that the judgment questioned may appear on its face regular and valid." The same rule was also announced in the case of **In re Frinzl, a minor, 152 Oh St 164, at p. 174.** See also, **Lenz v. Frank, Treas. et al., 152 Oh St 153.**

In the case of **In re Ramsey, a minor, 164 Oh St 567, at p. 571,** the court said:

"So far as the rights of a parent with respect to a child are concerned, a decree of adoption of such child by someone else is as serious in every respect and its consequences are much more serious than a court order merely granting permanent custody of such child to someone else. Thus, by a valid final decree of adoption, the parent is 'divested of all legal rights and obligations due * * * from' the child and the child is made 'free from all legal obligations of obedience or otherwise to' such parent. Sec. 8004-13 GC (now §3107.13 R. C.).

"Therefore, it would necessarily seem to follow that compliance with the specific requirements of §8004-6 GC, with respect to consents of parents, should be necessary to give a court jurisdiction to render a

decree or order of adoption, and that such an order made without compliance therewith could be successfully attacked as void in a habeas corpus proceeding."

In consideration of the circumstances in the instant case, this court determines that the trial court committed error prejudicial to the substantial rights of the appellant petitioner when it held that the evidence concerning the invalidity of the order of adoption was not admissible and that the issue of invalidity "is not triable" in the habeas corpus action.

The judgment dismissing the writ of habeas corpus must be reversed, and the cause ordered remanded to the Common Pleas Court for further proceedings.

Judgment reversed and cause remanded.

DOYLE and STEVENS, JJ, concur.