## IN RE ADOPTION OF MURPHY.

(No. WD-87-53—Decided September 2, 1988.)

*Paul F. Stutz,* for appellant.
*John K. Pardee III,* for appellees.

GLASSER, J. This cause is on appeal from a judgment of the Wood County Probate Court.

Maureen Murphy is the mother of Baby Boy Murphy, born April 22, 1985 in Parkview Hospital, Toledo, Ohio. On March 29, 1985, Ms. Murphy filed an Application to Place Unborn Child for Adoption in the Wood County Probate Court. Ms. Murphy filed a Consent to Adoption in the same court on April 5, 1985. The application was found well-taken and granted the same day.

Ms. Murphy filed a second Consent to Adoption on May 17, 1985 also in Wood County. A Petition for Adoption was filed by appellees, the prospective, and therefore unnamed, adoptive parents, in Wood County on August 29, 1985. Following a November 25, 1985 hearing, placement of Baby Boy Murphy with appellees was approved.

Appellant, Phillip D. Copeland, filed a motion to intervene in the adoption proceeding on June 12, 1986,

stating that he was an "interested" person within the scope of Civ. R. 24. Appellant had been adjudged the natural father of Baby Boy Murphy by the Juvenile Division of the Lucas County Court of Common Pleas in a judgment entry filed May 19, 1986. On February 13, 1987, appellant filed a motion in Wood County to set aside any orders of adoption pertaining to Baby Boy Murphy. In the alternative, appellant requested that the entire matter be transferred to Lucas County.

After numerous continuances, the matter was heard in the Wood County Probate Court on April 22 and 23, 1987. The court focused its attention on two issues: the jurisdiction of the Wood County Probate Court and appellant's right to consent to the adoption. In a judgment entry filed June 17, 1987, the court found that the matter was properly before it and that appellant's consent was not required for the adoption. It is from this judgment that appellant appeals, setting forth the following twelve assignments of error:

"1. Trial Court erred, as a matter of law, and abused its discretion in holding that Baby Boy Murphy and/or mother were properly or legally a 'resident' of Wood County by reason of two week stay from March 27, 1985 to April 10, 1985 and, that residency [was] sufficient to establish jurisdiction (venue) of the Probate Court of Wood County to legally place Baby Boy Murphy.

"2. Trial Court erred, and abused its discretion, in denying appellants [sic] MOTION TO SET ASIDE OR IN THE ALTERNATIVE TO TRANS-FREE [sic] TO PROBATE COURT, LUCAS COUTNEY [sic], OHIO, pursuant to Rule 73 (B) of the Ohio Rules of Civil Precedure [sic].

"3. Trial Court erred and abused its discretion in concluding that Ap-

pellant waived rights to question power or authority of Wood County Probate Court to entertain adoption of Baby Boy Murphy based on residency requirements proscribed [sic] by 3107.04 R.C.

"4. Trial Court erred as a matter of law in finding (2), that on March 29, 1985, when the case was initially filed pursuant to 5103.16 R.C., Maureen Murphy and the unborn child legally resided in Wood County (5911 Freemont Pike, Stonyridge [sic], Ohio), and such judgment was manifestly against the weight of the evidence.

"5. Trial Court erred in finding (3) that natural mother 'resided' in Wood County on April 5, 1985, as such judgment was manifestly against the weight of the evidence.

"6. Trial Court erred as a matter of law, and abused its discretion, in holding that Maureen Murphy's intention for Wood County to be her temporary residence for an indefinite period established proper venue for Probate Court of Wood County to hear adoption of Baby Boy Murphy.

"7. Trial Courts [sic] erred in that, judgement [sic] finding that consent of Phillip Copeland (Appellant) was not required in these proceedings was against the manifest weight of evidence.

"8. Trial court erred in finding (16) clear and convincing evidence that Phillip Copeland (appellant) failed to support child during pregnancy or after birth for a period of one year prior to the filing of the adoption and that he abandoned Baby Boy Murphy or mother during her pregnancy — without justification, and such judgment was against the manifest weight of the evidence.

"9. Trial Court erred in finding (17), that the petition for adoption was filed in Probate Court on July 22, 1985, six months before the entry of appearance of Phillip Copeland (ap-

pellant) — when in fact the record unmistakably, irrefutably, undeniably and indisputably shows that petition to adopt was filed August 29, 1985 (not July 22, 1985).

"10. Trial Court erred in finding (19) that venue of this action was not raised until March 16, 1987; when in fact the record shows that by pleading of February 19, 1987 Copeland attacked the venue of this action and, in alternative requested transfer per Rule 73 (B) of Ohio Rules of Civil Procedure.

"11. Trial Court erred in finding no fraud in the proceedings to place and adopt Baby Boy Murphy and/or in the circumstances ancillary thereto.

"12. Trial Court erred, as a matter of law in failing to strictly construe placement/adoption statutes 5103.16, 3107.07, 3107.12, 3107.14 of the Revised Code eg. [sic] 3107.04, as per applicable Ohio Case Law."

By virtue of the nature of our disposition of this appeal, we find it necessary to discuss appellant's assignments of error in an uncharacteristically summary manner. Appellant's arguments are grouped together based upon similarity of issues.

In assignments of error numbers 1, 4, 5, 6, 11 and 12, appellant asserts that the Wood County Probate Court was without jurisdiction over the placement and adoption of Baby Boy Murphy. Appellant argues that the trial court failed to construe strictly the applicable statutes, and in addition, that fraud occurred in the proceedings incident to the placement of the child.

The Wood County Probate Court ordered placement of Baby Boy Murphy pursuant to R.C. 5103.16. This section provides in pertinent part:

"(D) No child shall be placed or received for adoption or with intent to adopt unless placement is made by a county human services department that has a children services division, county children services board, the department of human services, an organization that is authorized to place children for adoption under a certificate of the department of human services, or custodians in a foreign state or country, or unless all of the following criteria are met:

"(1) Prior to the placement and receiving of the child, the parent or parents of the child personally have applied to, and appeared before, the probate court of the county in which the parent or parents reside, or in which the person seeking to adopt the child resides, for approval of the proposed placement specified in the application and have signed and filed with the court a written statement showing that the parent or parents are aware of their right to contest the decree of adoption subject to the limitations of section 3107.16 of the Revised Code;

"(2) The court ordered an independent investigation of the proposed placement to be conducted as provided in section 3107.12 of the Revised Code, and after completion of the investigation the court determined that the proposed placement is in the best interest of the child;

"(3) The court has approved of record the proposed placement * * *."

The Supreme Court of Ohio in *Lemley* v. *Kaiser* (1983), 6 Ohio St. 3d 258, 260, 6 OBR 324, 327, 452 N.E. 2d 1304, 1307, stated:

"* * * R.C. 5103.16 was to provide some measure of judicial control over the placement of children for adoption which is not conducted under the auspices of a statutorily recognized and authorized agency."

In this case, ostensibly to "privately" place her child, Maureen Murphy, under the advice of counsel, attempted to comply with the provisions of R.C. 5103.16, filing all relevant documents and appearing before the Probate Court of Wood County. Appellant

argues that Ms. Murphy did not "reside" in Wood County at the time of filing, thereby preventing the court from acquiring jurisdiction over the placement of the child.[1]

It should be noted, as appellant correctly asserts, that R.C. 5103.16 should be strictly construed. *Lemley, supra.* In *Lemley,* the court found that the statute was essentially in derogation of the common law, thereby necessitating its rigid interpretation. *Id.* at 260, 6 OBR at 326, 452 N.E. 2d at 1307.

In the operation of Ohio law, " '[r]esidence' is not synonymous with 'domicile,' but has been defined as simply meaning 'a place of dwelling.' " *LeSueur* v. *Robinson* (1988), 53 Ohio App. 3d 9, 12, 557 N.E. 2d 796, 799, citing *In re Fore* (1958), 168 Ohio St. 363, 371, 7 O.O. 2d 127, 131, 155 N.E. 2d 194, 199.

"It is well-settled that residence requires the actual physical presence of a person at some place of abode coupled with an intent to remain at that place for some period of time." *LeSueur, supra.*

The record in the case *sub judice* indicates that Ms. Murphy's presence in Wood County, at the time she filed documents pursuant to R.C. 5103.16, did not meet statutory jurisdictional requirements, *i.e.,* Maureen Murphy was not "residing" in Wood County.

Although there is some discrepancy concerning exact dates, the record indicates that Ms. Murphy was in Wood County for a two-week period prior to the birth of Baby Boy Murphy. This period began approximately March 26, 1985 and extended until approximately April 10, 1985. During that time, Ms. Murphy stayed at the home of Richard Millner.

---

[1] As has been previously noted, the record indicates that appellees are residents of Lucas County.

Millner is not a party to this appeal.

During this two-week span, Ms. Murphy continued to maintain an apartment in Toledo, Ohio (Lucas County). Her testimony indicates that she knew her stay in Wood County was only temporary and that she would return to her Toledo apartment.

In determining residence, the intention combined with the acts of the party must be considered; mere intention, without acts to support it, is not controlling. *Baraket* v. *Baraket* (C.P. 1937), 10 O.O. 395, 397, 25 Ohio Law Abs. 641, 643, 2 Ohio Supp. 184, 186.

In this case, regardless of Ms. Murphy's objectives, her actions failed to manifest an intent to become a "resident" of Wood County for purposes of R.C. 5103.16. For example, Ms. Murphy did not change her mailing address and did not move any furniture, or even a television set, to Millner's house.

It appears from the record that Ms. Murphy's move was solely for the purpose of invoking the jurisdiction of the Wood County Probate Court. This practice of "forum shopping" has been consistently and expressly discouraged by the courts of Ohio:

"Defendant in error came to Maumee not to establish a residence in good faith, but in bad faith, for the sole purpose of avoiding the jurisdiction of the court in Lucas County. Lucas County has * * * troubles of its own without soliciting the settlement of the disagreements of those * * * residing elsewhere." *Wolfe* v. *Wolfe* (1933), 45 Ohio App. 309, 314, 187 N.E. 86, 87.

It mystifies this court how the trial court indicated that "forum shopping was involved" and yet failed to find that the jurisdiction requirements of R.C. 5103.16 had been circumvented.

In his eleventh assignment of error, appellant alleges that there was fraud underlying the proceedings to

place and adopt Baby Boy Murphy.[2] In order to establish fraud, evidence tending to prove all six elements must be presented. *Cohen* v. *Lamko, Inc.* (1984), 10 Ohio St. 3d 167, 10 OBR 500, 462 N.E. 2d 407. Those elements, as set forth in *Friedland* v. *Lipman* (1980), 68 Ohio App. 2d 255, 22 O.O. 3d 422, 429 N.E. 2d 456, paragraph one of the syllabus, are as follows:

"(a) a representation or, where there is a duty to disclose, concealment of a fact,

"(b) which is material to the transaction at hand,

"(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

"(d) with the intent of misleading another into relying upon it,

"(e) justifiable reliance upon the representation or concealment, and

"(f) a resulting injury proximately caused by the reliance."

The record in the case *sub judice* indicates that at the time Ms. Murphy filed the March 29, 1985 Application to Place Unborn Child for Adoption and the April 5 and May 17, 1985 Consent(s) to Adoption, she knew, or had reason to suspect, that appellant was, or could be, the father of her unborn child. Her failure to disclose this material information deprived appellant of the notice due him under R.C. 3107.11. According to appellant's testimony, he was told by Ms. Murphy during the early months of her pregnancy that he would receive formal notice of any adoption proceedings. This representation reasonably and justifiably induced appellant to remain silent in anticipation of such notice. Although appellant never received notice of the adoption proceedings, the Wood County Probate Court held that he had summarily lost the right to contest the adoption of a baby judicially decreed to be his own son. Therefore, in light of the facts recited, we find that actionable fraud attended the placement and initial adoption proceedings of Baby Boy Murphy in the Wood County Probate Court.

Although this is certainly not a criminal proceeding, we are compelled to note the presence of "innocent" and "guilty" parties.

"We are confronted with a factual milieu which forcefully suggests and overwhelmingly implies that * * * [certain individuals] were active participants in the private, independent, and surreptitious placement for adoption of the minor child without the slightest regard for and in complete contravention of the applicable statutory guidelines for such independent placements." *Lemley, supra,* at 259, 6 OBR at 326, 452 N.E. 2d at 1306.

Whatever Ms. Murphy's motivation for attempting to transplant herself to Wood County, we find that it circumvented the purposes underlying Ohio's statutory private placement procedures and deprived appellant of his rights as the father of Baby Boy Murphy. See *Santosky* v. *Kramer* (1982), 455 U.S. 745; *In re Adoption of Holcomb* (1985), 18 Ohio St. 3d 361, 18 OBR 419, 481 N.E. 2d 613, and *In re Adoption of Masa* (1986), 23 Ohio St. 3d 163, 23 OBR 330, 492 N.E. 2d 140. The integrity of the process of private placements under R.C. 5103.16 is "'"* * * an absolute necessity."'" (Citation omitted.) *Lemley, supra,* at 260, 6 OBR at 327, 452 N.E. 2d at

---

[2] Due to our disposition of the jurisdictional issue under R.C. 5103.16, it is not entirely necessary to reach the question of fraud. However, in light of the facts in the instant case, we feel obligated to resolve each issue presented by this appeal.

1307. "Otherwise, children could be sold to the highest bidder and shuffled around like objects on an auction block." *Id.*

Placement proceedings pursuant to R.C. 5103.16 "are placements for *adoption.*" (Emphasis added.) 1962 Ohio Atty. Gen. Ops. No. 2747, at 17. Therefore, since R.C. 5103.16 was not properly complied with and because the Wood County Probate Court was not the proper forum for such placement, the entire proceeding is void. See *Balint* v. *Horvath* (1965), 5 Ohio Misc. 242, 34 O.O. 2d 247, 212 N.E. 2d 200.[3]

For the aforestated reasons, we find appellant's assignments of error 1, 4, 5 and 6 well-taken.

In regard to the adoption proceedings, several of appellant's assignments of error assert that Wood County was not the proper forum pursuant to R.C. Chapter 3107.04. Specifically, R.C. 3107.04 provides in part:

"(A)   A petition for adoption shall be filed in the court in the county in which the person to be adopted was born, or in which, at the time of filing the petition, the petitioner or the person to be adopted or the parent of the person to be adopted resides, or in which the petitioner is stationed in military service, or in which the agency having the permanent custody of the person to be adopted is located."

Although appellant argues extensively in the areas of venue and waiver, our attention is focused on the statutory language. *At the time* the adoption petition was filed (see R.C. 3107.04), August 29, 1985, none of the parties to this appeal could have properly filed in Wood County. Baby Boy Murphy was born in Lucas County and the adoptive parents and Maureen Murphy are Lucas County residents. See R.C. 3107.04(A). Therefore, the Wood County Probate Court was without jurisdiction over the adoption of Baby Boy Murphy. Additionally, the Wood County court was without jurisdiction over the issue of appellant's consent, nor did it have jurisdiction to declare that appellant had "waived" his right to object to venue.

For the aforestated reasons, we find appellant's assignments of error 2, 3, 11 and 12 well-taken.

Due to our disposition of the instant appeal, appellant's assignments of error 7, 8, 9 and 10 are found to be moot and, therefore, not well-taken.

In consideration whereof, this court finds substantial justice has not been done the party complaining, and judgment of the Wood County Probate Court is reversed. This cause is remanded to said court to be certified to the Lucas County Probate Court in accordance with R.C. 3107.04(B).[4]

*Judgment reversed.*

CONNORS and HANDWORK, JJ., concur.

---

[3] Despite our finding of impropriety, the proper probate court would not be precluded from upholding such placement upon a finding that it was in the best interest of the child. 1962 Ohio Atty. Gen. Ops. 2747, at 16.

[4] R.C. 3107.04(B) provides:

"If the court finds in the interest of justice that the case should be heard in another forum, the court may stay the proceedings or dismiss the petition in whole or in part on any conditions that are just, or certify the case to another court."